# Jefferson County ex rel. Coleman, Co. Atty., et al. v. Jefferson County Fiscal Court et al.

(Decided June 23, 1933.)

HARRIS W. COLEMAN for appellants.

SAMUEL L. GREENEBAUM, WILLIAM S. KAMMERER and GEORGE D. CALDWELL for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal presents for our review the question of the validity of an order and contract of April 26, 1933, directed made by the Jefferson county fiscal court with the Louisville Trust Company of Louisville, Ky., designating the latter as its county depository.

Appellant filed its suit, attacking the validity of this contract, under the Declaratory Judgment Act (Civil Code of Practice sec. 639a-1 et seq.), contending that it is illegal and void as one exceeding the court's authority, in that it fails in its terms and provisions to comply with the requirements of section 30, chapter 24, of the Acts

of the General Assembly of 1932, commonly designated as the County Budget Act (which also appears in the 1933 Supplement of Carroll's Kentucky Statutes as section 938h-57).

Section 30 of the County Budget Act is as follows:

"It shall be the duty of the fiscal court of each county of the state at its first meeting after this act takes effect to enter an order or orders on the fiscal court order book designating one or more banks or trust companies as county depositories for county funds, and the county treasurer shall be required to deposit all county funds in the depositories designated by order of the fiscal court. The fiscal court shall enter into an agreement with said depository or depositories, so designated, for the payment of interest on county deposits, on daily balances, and said interest rates shall not be less than two per cent., on daily balances. The depository shall credit interest to the county deposits every four months and shall send deposit slips to the county treasurer showing said credit.

"The fiscal court shall require all county depositories to execute to the county good and sufficient bond to pay over and account for all county funds deposited in said depository, which bond shall be taken before the court, signed and acknowledged as required by law, or the depository may place collateral security in lieu of said bond, if the fiscal court is satisfied with the collateral offered in lieu of personal or fidelity bond."

It will be noted that by the provisions of this section the fiscal court of each county is required to designate one or more banks or trust companies as county depositories for its county funds. Also it provides that it shall be the duty of the fiscal court of each county to enter into an agreement with such designated depository for the payment of interest on the daily balances of the county's deposits, and that said interest rates shall be not less than 2 per cent. thereon. It further provides that the designated depository shall be required by the fiscal court to execute to the county a good and sufficient bond to pay over and account for all county funds deposited with it, or, in lieu of giving such bond, that the depository may place collateral therefor satis-

factory in kind and amount to the court as security for its deposits.

By the here criticized contract of April 26, 1933, made by the fiscal court with the Louisville Trust Company, it is recited in its preamble that the court, in its effort to comply with these provisions of the County Budget Act (which by its terms became effective January 1, 1933), did on January 6, 1933, issue a circular letter to each of the banks and trust companies in the city of Louisville and Jefferson county, requesting them to submit bids for designation as county depository in compliance with the terms and conditions of section 30 of the Budget Act, but that each and all of the banking institutions so addressed declined to enter into any negotiations with it or to make any bid therefor, or any offer providing for the payment of any interest to Jefferson county upon such daily balances on its deposits to be carried with them.

The contract then provides that, in view of the premises, showing the county's inability to secure a depository contract by which interest would be paid upon its daily balances, the Louisville Trust Company is designated by it as its county depository for the year 1933, without stipulating for the payment of any interest to the county upon its daily balances.

As security for the county's deposits the terms and conditions of the fiscal court's depository contract as made with the Louisville Trust Company provide: (1) That it should indemnify Jefferson county and its treasurer against all loss on account of the deposit of any county funds with it; and looking to such end (2) that it was thereby agreed between the Jefferson county fiscal court and the Louisville Trust Company, as depository, that the latter would, and did, as such, deposit in escrow United States government bonds as collateral security in the minimum amount of $10,000, according to their present market value, to protect the claims of the county against the said trust company to the extent that the deposit claims of the county against the trust company might exceed the claims of the latter against Jefferson county, and further agreeing that when, if, and as the said securites, deposited of the present value of $10,000, might prove insufficient to secure the county, that upon its request additional securites would be deposited by the trust company, in amounts

sufficient to fully secure the county to the extent that its claim against the depository trust company might exceed the claims of the latter against Jefferson county.

Upon the fiscal court's ordering made and making of the aforesaid contract, designating the Louisville Trust Company as county depository upon the terms and conditions provided, the county by its county attorney appealed from this order and contract of the fiscal court, asking for a declaration of the rights between the appellant county and the fiscal court, its individual members and the Louisville Trust Company, contending that the defendant court exceeded its authority under the statute in making this contract with the trust company, with the result that the same was illegal and void by reason of its failure to comply, in its provisions with the requirements of the said County Budget Act.

The defendant fiscal court by its answer admitted the material allegations of the petition, while denying certain of the conclusions drawn therefrom. Also it affirmatively pleaded that it was not feasible for it to designate a depository outside of the city of Louisville, by reason of the fact that the fiscal affairs of the county are conducted in Louisville, making it impractical, if not impossible, to efficiently operate should it designate as its depository any bank or trust company not having its office or place of business in Jefferson county. Further, it alleged its information to be that the banks and trust companies of the city of New York pay upon the daily balances of acceptable accounts interest of only from one-fourth to one-half of 1 per cent., as evidence of a general banking custom making it practically impossible to secure higher interest rates upon the county's daily balances, especially when its account is not regarded as desirable, since, with the exceptions of very short and scattered periods during the year, its said account has no substantial balance, due to the practice of the county to have on deposit only small amounts borrowed by it, from time to time, sufficient to pay current expenses as they accrue during the year, and as a result is practically always indebted to the depository in an amount in excess of its deposits with it. Wherefore the appellee fiscal court prayed that, it being admitted that it has, as far as possible, endeavored to comply with the directions and requirements of section 30 of the Budget Act in making

its complained of depository contract with the trust company, that the same be held legal and valid and for a declaration of its rights respecting its complained of order and contract as made thereunder, in attempted compliance therewith.

Upon submission, by agreement, of the cause to the learned chancellor for judgment, it was adjudged that, as it appeared by the record that it was impractical and impossible for Jefferson county to designate as its county depository any bank or trust company not having its office or place of business in Jefferson county, and that no bank or trust company in Jefferson county or elsewhere would contract to pay as much as 2 per cent. or any rate of interest upon the daily balances of the county carried on deposit in such bank or trust company, and which fact was ascertained and known to the defendants composing the fiscal court when making this contract, and as it further appeared that the county was sufficiently protected and indemnified against the loss of its deposits under the terms and provisions of its contract as made securing same, it concluded that the fiscal court's order approving its depository contract of April 26, 1933, and directing it made, are, and each of them is, valid, legal, and enforceable.

From this decree of the chancellor in so adjudging, the county, by its county attorney, has prosecuted this appeal.

Appellant contends: (1) That the fiscal court's contract as made does not comply with section 30 of the County Budget Act, by reason of its failure to require its depository to pay 2 per cent. interest on daily balances; (2) that it does not sufficiently comply with the requirements of the act, in that it requires of its depository collateral security to be placed in escrow by it only for such amount as represents the excess of the county's deposits in the depository over the amount of its obligations to the depository; and (3) that the fiscal court made an insufficient effort to secure an interest paying depository for its account where it has sought to secure bids for its deposits only from among the banks and trust companies in the county of Jefferson.

Disposing of these contentions as made, we will first consider the contention of appellant to the effect that the contract does not comply with section 30 of the Bud-

get Act, in that it does not require the depository to pay 2 per cent. interest on daily balances.

To this argument we answer that the record shows that a substantial and honest effort was made by the appellee fiscal court to secure a depository from among the banking institutions of Jefferson county who would, according to the directions of the Budget Act, agree to pay 2 per cent. interest upon the daily balances of the county deposited with it, but that no one of them was willing to become its depository upon such interest paying conditions or terms. Therefore it resulted that the fiscal court was left to either undertake to transact its fiscal affairs without the necessary aid of a depository for carrying its county funds or else to designate one upon such terms and conditions as nearly in accord with the directions and provisions of the Budget Act, as it was able to secure locally. We are unwilling after such showing made to conclude, from our consideration and study of the provisions of section 30 of the Budget Act in question, that the Legislature thereby intended, so unconditionally and absolutely, to require that only an interest paying depository contract should be made or so mandatorily directed that only such contract could be made, regardless of local conditions, that in the event of the county's established inability to make a contract with a county banking institution to act as its depository, in every respect in full and strict accord and compliance with its every detailed direction, that it was, notwithstanding such impossibility to so contract, without authority to designate a depository, and required to forego the aid and helpful agency of a depository in operating the fiscal functions and machinery of the county government. It is not to be reasonably inferred that it was the legislative intent in its enactment of this section of the County Budget Act to require of the fiscal court the doing of an impossible thing, as necessary for legal compliance with its requirements, or to insist upon such a literal construction or interpretation of its mandatory provisions as would destroy the right of the fiscal court to designate a county depository, even though recognized and admitted to be a requisite agency for the proper performance of its fiscal functions. Rather are we of the opinion that such an interpretation of the statute as would thus tend to result in public mischief or to disrupt and obstruct the effective machinery of the county fiscal government for carrying

out its necessary and proper functions is to be rejected and avoided by us as one clearly not within the contemplation, purpose, or legislative intent in its enactment. The manifest object of the act was clearly one looking to securing the expected benefits of a uniform budget system, rather than the imposition of a rigid, statutory rule, serving to embarrass, hinder, and obstruct the county's chosen fiscal agents in administering its fiscal affairs. However, we are not to be here understood by this as interpreting this section of the Budget Act as having a different meaning or significance from that clearly expressed by its language, or that its wording of "shall" can or should be construed, as suggested by appellee, as here meaning "may" rather than "must," or that its mandatory language does not exclude the exercise by the fiscal court of its own discretion in the matter of upon what terms it would contract for a county depository, rather than be guided and controlled by that of the Legislature, as here expressed in its clear statutory enactment, whereby it required that fiscal courts, (we may qualify, where found possible,) should select only such bank as county depository as would pay the county at least 2 per cent. interest on the daily balances of the county's account carried with it.

From this therefore it follows that, where an agreement can be made and had by the fiscal court with a county depository providing for its payment of a minimum interest rate of 2 per cent. upon the county's daily balances carried with it, such contract must be made, as there can exist no doubt but that the provision of the act so requiring is in nowise to be interpreted as merely permissive or directory but as mandatory in its requirement that such contract, so providing for the payment of interest, shall be made. But we are equally clear in our opinion that, where the efforts of a fiscal court are shown to have been honest and substantial in trying to find a local bank or trust company willing to act as the county's depository, upon the terms of its paying the required 2 per cent. interest on daily balances, but finds it impossible to consummate such an agreement, and thus falls short of securing a depository upon terms in full compliance with the provisions of the act, its contract, made under such circumstances should be held by us to be valid, by reason of our interpretation of this provision of the act, that it

was never meant or intended by the Legislature, in such event, to withhold or deny the county the right and benefit of designating a depository, or from entering into a contract therefor, even upon terms found necessarily somewhat variant from those by the statute prescribed for the payment of interest, where a rigid insistence upon an absolute and strict compliance with the exact wording and literal construction of the enactment would result in the county being unable to appoint a depository, however necessary it might be for the proper performance of its governmental functions.

We deem it unnecessary to further extend this opinion by a discussion of and elaboration upon appellant's two further contentions, as here urged, that the security arrangement provided by the contract in question for the county's deposit does not sufficiently comply with the requirements of the act, and again that the court has not made sufficient effort to secure a county depository or one adequate for a strict compliance with the requirements of the act, in that it did not also solicit the banks located outside the county and state to contract with it upon the exact terms and conditions as directed by the statute in question.

In answer to these criticisms, it is here sufficient to say that we consider such contentions without merit for the reasons we have assigned, supra, for holding valid the contract as made even though it be one not stipulating for the payment of interest, in that it sufficiently appears and is admitted that the appellee fiscal court has here made a contract for a county depository as nearly in its terms and conditions complying with the requirements of the act as was possible or obtainable by it, and that, by the terms of such contract, it has secured ample and satisfactory collateral for the protection against loss of its deposits carried with the depository; and further because from the showing of the record, it was altogether impractical and unsatisfactory for handling its fiscal affairs to designate as the county's depository any financial institution other than one having its place of business within the county of Jefferson.

We are therefore, after a careful review and consideration of the questions here presented, unwilling to so interpret the mandatory provisions and requirements of this section 30 of the County Budget Act as will im-

pose upon the appellee, Jefferson county fiscal court, the duty and obligation of doing something found by it, after an honest effort made, to be impossible of performance; that is, to require the fiscal court to make only such a contract for the offices of a county depository as would strictly, in all its terms, comply with the exact wording and the literal construction of section 30 of the Budget Act, when found by the appellee court, that it was impossible to secure a county depository to contract with it upon such terms. Therefore we are unwilling to hold that the county's order and contract as here made, and representing, as here shown, substantial efforts exerted in good faith by the court, to comply with the statute as far as possible, are invalid, illegal, or void for want of a more exact though impossible compliance with its provisions.

For the reasons indicated, we are of the opinion that the judgment of the learned chancellor, being in accord and consonant with our views as herein expressed, should be, and it is, affirmed.